Argued and submitted February 27, vacated in part; affirmed in part; remanded for resentencing in part March 27, petition for review denied June 11, 2002
(334 Or 289)

# STATE OF OREGON,
*Respondent,*

*v.*

# DENISE LEANN WATSON,
*Appellant.*

## C990046CR; A110244

43 P3d 444

Walter J. Ledesma, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy

Myers, Attorney General, and Michael C. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Osborne, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction on one count of criminal conspiracy, ORS 161.450, and one count of escape in the second degree, ORS 164.215. She assigns error to the trial court's denial of a mid-trial motion to appoint different trial counsel and to the court's imposition of separate convictions and consecutive sentences on the two charges. The state concedes that the court erred in entering separate convictions and imposing separate sentences on the two charges. We affirm without discussion as to the motion to appoint different trial counsel, and, for the reasons that follow, we accept the state's concession as to the entry of separate convictions and imposition of separate sentences on the conspiracy and escape charges.

The relevant evidence, taken in the light most favorable to the state, shows the following facts. On January 5, 1999, defendant telephoned Ricky John Maylender, who was an inmate in the Washington County Jail. They planned Maylender's escape for the following day. On January 6, 1999, while being transported to the county courthouse, Maylender escaped. Defendant met him at the courthouse and transported him to a friend's house, where Maylender had his handcuffs removed.

Defendant was charged with conspiracy and with escape, based on a theory of aiding and abetting; the two charges were alleged to be separate acts. Defendant was convicted on both charges. At sentencing, she argued that the two counts should merge and that only one sentence should be imposed. The trial court concluded that, because defendant had the opportunity to renounce her criminal intent after she spoke to Maylender on January 5, the two crimes were not part of the same course of conduct. Accordingly, the court entered separate convictions and imposed separate sentences.

On appeal, defendant argues that, under the applicable statutes, it is irrelevant that the two crimes were not part of the same course of conduct; as a matter of law, conspiracy to escape and second-degree escape are not separate

offenses. The state concedes that, under the facts of this case, defendant is correct. We agree.

■      ORS 161.485(3) provides, in part:

"A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and * * * conspiracy to commit that offense."

The question is whether, in this case, defendant has been convicted "on the basis of the same course of conduct" of both escape and conspiracy to escape. ORS 161.465(1) provides:

"Conspiracy is a continuing course of conduct which terminates when the crime or crimes which are its object are completed or the agreement that they be committed is abandoned by the defendant and by those with whom the defendant conspired."

Thus, in this case, defendant's conspiracy to effect Maylender's escape continued from the time she talked to him on the telephone on January 5, until the escape itself was completed on January 6. The same course of conduct, in other words, provided the basis for both the conspiracy and the escape charges. Under ORS 161.485(3), therefore, defendant could be convicted of and sentenced for only one offense.

■      ORS 161.067(3), on which the trial court apparently relied, is not to the contrary. That statute, which allows separate punishment when criminal violations are "separated * * * by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent," applies only "[w]hen the same conduct or criminal episode violates only one statutory provision and involves only one victim." In this case, defendant violated two separate statutory provisions, so ORS 161.067(3) does not apply.

Judgment of conviction for conspiracy vacated; conviction for escape in the second degree affirmed; remanded for resentencing.